IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARY L. PICKAR,** | ) | CASE NO. 1:25-cv-0055 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | |
| **GROUPER ACQUISITION COMPANY,** | ) | <u>OPINION & ORDER</u> |
| **LLC dba SHILOH INDUSTRIES,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | | |

On March 17, 2025, Defendant Grouper Acquisition Company, LLC dba Shiloh Industries ("Shiloh") filed a partial motion to dismiss (ECF Doc. 20) pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff Mary L. Pickar had filed to exhaust her administrative remedies on Counts III, IV, V and VI of her Amended Complaint.  Plaintiff filed a brief in opposition to the motion to dismiss (ECF Doc. 24) arguing that all administrative prerequisites had been satisfied, and Shiloh filed a reply.  ECF Doc. 32.  After reviewing the parties' filings, the Court could not determine whether Plaintiff had arguably exhausted her administrative remedies on Counts III, IV, V and VI of her Amended Complaint.  For this reason, the Court ordered Plaintiff to file a complete set of her administrative filings, which she did on April 18, 2025.  ECF Doc. 35.  After reviewing Plaintiff's administrative filings and as further explained below, the Court finds Plaintiff *has* exhausted her administrative remedies on Counts III, IV, V and VI of her Amended Complaint and has stated plausible claims for retaliation, gender discrimination and hostile work environment.  For this reason, Defendant Shiloh's partial motion to dismiss is DENIED.

1

I.   **Background**

Plaintiff started working for Shiloh on June 22, 2015.  ECF Doc. 13 at ¶ 21.  Shiloh promoted her to second-shift Production Manager on February 20, 2023.  *Id.*  All of Plaintiff's legal claims relate to her employment after she was promoted to the management position.  Plaintiff spent less than a year in the management position, and her employment was terminated on October 4, 2023.  She filed a charge of discrimination in May 2024, and was issued a right to sue letter in October 2024.  *See* ECF Doc. 13 and ECF Doc. 35.

Plaintiff was acting pro se when she filed her charge of discrimination with the EEOC on May 9, 2024. When asked why she thought she was discriminated against, Plaintiff checked several boxes on the EEOC Form 5A.: sex, age and retaliation.  ECF Doc. 35-1.  She then provided the following examples of what she believed to be discrimination:

> 11-13-23 (Age) – I learned that a former coworker who is in or near her 30s was released (the reasons was given that they were "absorbing positions") and was offered a severance package.  (Amber Adkins).
>
> 10-04-23 (Sex, Retaliation, Equal Pay) – I was released after being falsely accused of: 1) Not following the "escalation protocol." 2.) Contacting the Plant Manager (Nick Chapman) "after hours" – which I only did following the escalation protocol (my hours were 2:00 PM to as late as 2:30 AM – and I never contacted him after 11:00 PM). And 3.) That I was spreading rumors about a gentleman that worked there along with his wife claiming that he is a "wife beater."  The wife was fired 2 weeks later for making false claims against other management.
>
> 10-31-2023 (Unemployment) - The Ohio Department of Job and Family Services Office of Unemployment Insurance Operations determined: "This agency finds that the claimant was discharged without just cause, per Ohio Revised Code Section 4141.29(O)(2)(a). The facts provided did not support the claimant was discharged by Grouper Acquisition Company LLC on 10/03/2023 for not being able to perform the required work.
>
> 09-26-2023 (Wage/Compensation)- I sent an email to Human Resources (Erin Looser) requesting a Performance Evaluation and raise that was one month past due according to the contract I signed with Shiloh Industries.

2

> 09-01-2023 (Harassment)- While texting the Plant Manager (Nick Chapman) to inform him that I did not have the necessary staff needed to safely run the press on September 2, 2023 (a Saturday), he responded: "Ok Mary do what you want and we will deal with it on Monday. I guarantee you there is a solution and everyone will say the press should have run. Figure it out please." And directly after, he texted again saying; "Or do I have to come back in to figure it out?"
>
> 07-17-2023 (Retaliation) - I was presented a "Personal Improvement Plan (PIP)" in which a number of points made would require either personal observation or investigation. This was presented to me the day after I enquired about first shift employees being allowed to leave after 4 hours of work and before the full 8 hour shift while our shift was required to stay for the full 8 hours for weekend work. I was never observed on my shift by anyone in upper management or asked questions. However, under the heading; "Career Aspirations" it states that I was "Well placed." How can I go from "Well placed" in mid July, 2023 to being released on October 4, 2023?

A few days after she filed her EEOC charge, Plaintiff also filed a *pro se* charge of discrimination with the Ohio Civil Rights Commission on May 17, 2024. ECF Doc. 35-3. This filing contains less information than the EEOC filing. The OCRC charge states:

> I began working for the Respondent in June of 2015. In February of 2023 I was promoted to Production Supervisor. I became aware that a similarly situated supervisor who was placed in a similar position after I was promoted named John, was not assigned as many responsibilities as I was, and he was being paid more and his crew were provided more privileges than my crew. For example, but not limited to, his crew was permitted to leave early but my crew was not. Additionally, John had more resources for example but not limited to, I had to contact the Plant Manager with issues when needed in accordance with protocol because no one was available, but John did not have to. On or about October 4, 2023 I was discharged from employment.
>
> The Respondent has not provided a legitimate reason for its actions.
>
> I believe the Respondent has acted in violation of Title VII of the Civil Rights Act of 1964, as amended, (Title VII) based on my sex (Female) when it treated a Comparator, John, more favorably and subjected me to lower wages and denied me equal terms and conditions of employment. Further, the Respondent discharged me for non-legitimate reasons.

*Id*.

Plaintiff filed this lawsuit on January 13, 2025. ECF Doc. 1. She filed an Amended Complaint on March 3, 2025. ECF Doc. 13. Plaintiff did not attach all her administrative filings to her Complaint or Amended Complaint. She attached the EEOC right to sue letter, but did not attach the charges filed with the EEOC or OCRC. See ECF Doc. 1-8 and ECF Doc. 13-1. Shiloh has moved to dismiss Counts III through VI of Plaintiff's Amended Complaint, which assert the following claims: Count III – Title VII Retaliation; Count IV – Gender Discrimination; Count V – Hostile Work Environment; and Count VI – Retaliation under Ohio Rev. Code § 4112.02(J). Id.

In its Motion to Dismiss, Shiloh argues that Plaintiff did not exhaust Counts III through IV. However, Shiloh's argument appears to be based on the May 17th OCRC charge alone and did not take into account the additional allegations Plaintiff had already asserted in her May 9th EEOC charge. See ECF Doc. 32 at 3. Because Plaintiff did not attach either filing to her Complaint or Amended Complaint, the Court ordered Plaintiff to file a complete set of her administrative filings, which she did on April 18, 2025. ECF Doc. 35.

## II.  Law & Analysis

### A.  Standard of Review

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plausibility

standard "asks for more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Complaints alleging "naked assertion[s]" devoid of "further factual enhancement" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 557. In addition, simply reciting the elements of a cause of action or legal conclusions will not suffice. *Iqbal*, 556 U.S. at 678.

B. Analysis

Shiloh's partial motion to dismiss asserts that Plaintiff only stated a claim for "sex discrimination" in her EEOC charge and that her other claims should be dismissed for failing to exhaust administrative remedies. The general rule in the Sixth Circuit is that "the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002). It is the "facts alleged in the body of the EEOC charge, rather than merely the boxes that are marked on the charge, [that] are the major determinants of the scope of the charge." *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004) (internal citations omitted). "[W]here facts related with respect to the charge claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).

The Sixth Circuit has remarked that the exhaustion requirement of Title VII "is not meant to be overly rigid." *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006). Application of the exhaustion requirement should not result in the restriction of complaints based on "procedural technicalities" or where the charge does not contain "the exact wording which might be required in a judicial pleading." *Id.* (quoting *EEOC v. McCall Printing Co.*, 633 F.2d

1232, 1235 (6th Cir. 1980)).  As a result, administrative charges should be "liberally construed" to encompass all claims reasonably expected to grow out of the charges of discrimination.  *Id.*

As already noted, Shiloh seems to have not been aware of the allegations Plaintiff set forth in her May 9th EEOC charge.  Shiloh's motion to dismiss appears to be based entirely on the subsequent OCRC charge filed on May 17, 2024.  Shiloh's reply even argues that the May 9th charge is a "*post factum* attempt to allege new, never-before-alleged information."  *See* ECF Doc. 32 at 3.  However, Plaintiff's submission of the complete administrative filings includes both the May 9, 2024 filing, along with a May 13, 2024 Notification from the EEOC Cleveland Field Office acknowledging its receipt.  Thus, there is no support for Defendant Shiloh's argument that Plaintiff created this document after-the-fact to show she had exhausted her claims.

After considering all of Plaintiff's administrative filings, and the fact that her charges are to be "liberally construed," the Court finds that Plaintiff has arguably exhausted Counts III through VI of her Amended Complaint.  The Court further finds that Plaintiff has alleged enough facts to state plausible claims for retaliation, gender discrimination and hostile work environment.  If, after discovery, Shiloh believes Plaintiff has not met her burden, it may move for summary judgment on these claims.

**III.    Conclusion**

For the reasons stated herein, Defendant Shiloh's motion to dismiss Counts III through VI of Plaintiff's Amended Complaint is DENIED.

Dated: April 23, 2025                                                  *s/Dan Aaron Polster*
                                                                                    United States District Judge