IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARY L. PICKAR,** | ) | CASE NO. 1:25-cv-0055 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | |
| **GROUPER ACQUISITION COMPANY,** | ) | <u>**OPINION & ORDER**</u> |
| **LLC dba SHILOH INDUSTRIES,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | | |

On March 28, 2025, Defendants HealthEquity Coverage Continuation Services, LLC, HealthEquity, Inc., and WageWorks, Inc. ("WageWorks Defendants") filed a partial motion to dismiss (ECF Doc. 28) pursuant to Fed. R. Civ. P. 12(b)(6).  The WageWorks Defendants argue that they were not the Plan Administrator and, therefore, were not responsible for sending a COBRA notice to Plaintiff as alleged in Count I of Plaintiff's Amended Complaint.  ECF Doc 13.  Plaintiff filed a brief in opposition on April 11, 2025 (ECF Doc. 33), and Defendant filed a reply.  ECF Doc. 39.

The issue involved in this motion to dismiss is relatively straight-forward.  Plaintiff contends all Defendants violated 29 U.S.C.S. § 1166(a)(4) by failing to notify her of her COBRA benefits after her employment with Shiloh ended.  ECF Doc. 13 at ¶¶ 63-64.  The WageWorks Defendants argue they were not the part(ies) responsible for notifying Plaintiff of her COBRA benefits.  The Court also notes that the other Defendants have *not* moved to dismiss Count I of Plaintiff's Complaint.  *See* ECF Doc. 20 and ECF Doc. 29.  This suggests that one of the other Defendants may have been the party responsible for providing notice to Plaintiff of her COBRA benefits.

1

Citing *Briscoe v. Fine*, 444 F.3d 478, 492-493 (6th Cir. 2006), Plaintiff argues " without discovery, it is unknown to [her] at this time whether WageWorks exercised any discretionary control or authority over plan management, including the processing and sending out of COBRA notices, such that it would functionally have fiduciary status." Plaintiff requests more time to conduct the discovery necessary to determine if the WageWorks Defendants had any responsibility for failing to send COBRA notices.

The Court questions whether the WageWorks Defendants should be named as Defendants in this lawsuit. However, the standard for surviving a Fed. R. Civ. P. 12(b)(6) motion is low, and the Court will deny the motion to dismiss. The Court, however, seriously recommends that Plaintiff dismiss the WageWorks Defendants, without prejudice.[1] Should Plaintiff decline to do so, and the Court determines at a later stage that the WageWorks Defendants should not have been named as Defendants, the Court will likely require Plaintiff and her counsel to pay the Wage Works Defendants' attorneys fees as a sanction.

For the reasons stated herein, the Wage Works Defendants' motion to dismiss Count I of Plaintiff's Amended Complaint is DENIED. ECF Doc. 28.

Dated: April 29, 2025

*s/Dan Aaron Polster*
United States District Judge

---

[1] Should discovery reveal that the WageWorks Defendants *were* responsible for sending the COBRA notices to Plaintiff, she may add them back in.