IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARY L. PICKAR,** | ) | CASE NO. 1:25-cv-0055 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | |
| **GROUPER ACQUISITION COMPANY,** | ) | <u>OPINION & ORDER</u> |
| **LLC dba SHILOH INDUSTRIES,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | | |

On March 31, 2025, Defendant Megalodon Midco, LLC, ("Megalodon") filed a partial motion to dismiss (ECF Doc. 29) pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff Mary L. Pickar had failed to exhaust her administrative remedies on Counts II, III, IV, V and VI of her Amended Complaint. Plaintiff filed a brief in opposition to the motion to dismiss (ECF Doc. 34) arguing that all administrative prerequisites had been satisfied and she should be given more time to conduct discovery on Megalodon's role with her former employer. Megalodon filed a reply arguing that Plaintiff did *not* exhaust her administrative remedies against it and requesting immediate dismissal from claims II through VI. ECF Doc. 40.

At this point, the Court questions whether Megalodon should be defending Counts II through VI of Plaintiff's Amended Complaint. However, the Court will permit Plaintiff to conduct limited discovery to determine Megalodon's involvement (if any) in the events of her employment claims. As with the WageWorks Defendants, if Plaintiff determines that Megalodon is not the appropriate defendant to her claims, Plaintiff should quickly dismiss Megalodon from those claims. If the Court determines at a later stage that Megalodon should not have been named as a Defendant on Counts II through VI, the Court will likely require

1

Plaintiff and her counsel to pay Megalodon's attorneys' fees as a sanction for the additional time and expense allocated to defending Counts II through VI.

**I.     Background**

Plaintiff started working for Shiloh on June 22, 2015. ECF Doc. 13 at ¶ 21. Shiloh promoted her to second-shift Production Manager on February 20, 2023. *Id*. All of Plaintiff's legal claims relate to her employment after she was promoted to the management position. Plaintiff spent less than a year in the management position, and her employment was terminated on October 4, 2023. She filed a charge of discrimination in May 2024, and was issued a right to sue letter in October 2024. *See* ECF Doc. 13 and ECF Doc. 35.

Plaintiff was acting pro se when she filed her charge of discrimination with the EEOC on May 9, 2024. When asked why she thought she was discriminated against, Plaintiff checked several boxes on the EEOC Form 5A.: sex, age and retaliation. ECF Doc. 35-1. She then provided the following examples of what she believed to be discrimination:

> 11-13-23 (Age) – I learned that a former coworker who is in or near her 30s was released (the reasons was given that they were "absorbing positions") and was offered a severance package. (Amber Adkins).
>
> 10-04-23 (Sex, Retaliation, Equal Pay) – I was released after being falsely accused of: 1) Not following the "escalation protocol." 2.) Contacting the Plant Manager (Nick Chapman) "after hours" – which I only did following the escalation protocol (my hours were 2:00 PM to as late as 2:30 AM – and I never contacted him after 11:00 PM). And 3.) That I was spreading rumors about a gentleman that worked there along with his wife claiming that he is a "wife beater." The wife was fired 2 weeks later for making false claims against other management.
>
> 10-31-2023 (Unemployment) - The Ohio Department of Job and Family Services Office of Unemployment Insurance Operations determined: "This agency finds that the claimant was discharged without just cause, per Ohio Revised Code Section 4141.29(O)(2)(a). The facts provided did not support the claimant was discharged by Grouper Acquisition Company LLC on 10/03/2023 for not being able to perform the required work.

09-26-2023 (Wage/Compensation)- I sent an email to Human Resources (Erin Looser) requesting a Performance Evaluation and raise that was one month past due according to the contract I signed with Shiloh Industries.

09-01-2023 (Harassment)- While texting the Plant Manager (Nick Chapman) to inform him that I did not have the necessary staff needed to safely run the press on September 2, 2023 (a Saturday), he responded: "Ok Mary do what you want and we will deal with it on Monday. I guarantee you there is a solution and everyone will say the press should have run. Figure it out please." And directly after, he texted again saying; "Or do I have to come back in to figure it out?"

07-17-2023 (Retaliation) - I was presented a "Personal Improvement Plan (PIP)" in which a number of points made would require either personal observation or investigation. This was presented to me the day after I enquired about first shift employees being allowed to leave after 4 hours of work and before the full 8 hour shift while our shift was required to stay for the full 8 hours for weekend work. I was never observed on my shift by anyone in upper management or asked questions. However, under the heading; "Career Aspirations" it states that I was "Well placed."  How can I go from "Well placed" in mid July, 2023 to being released on October 4, 2023?

A few days after she filed her EEOC charge, Plaintiff also filed a *pro se* charge of discrimination with the Ohio Civil Rights Commission on May 17, 2024.  ECF Doc. 35-3.  This filing contains less information than the EEOC filing.  The OCRC charge states:

I began working for the Respondent in June of 2015. In February of 2023 I was promoted to Production Supervisor. I became aware that a similarly situated supervisor who was placed in a similar position after I was promoted named John, was not assigned as many responsibilities as I was, and he was being paid more and his crew were provided more privileges than my crew. For example, but not limited to, his crew was permitted to leave early but my crew was not. Additionally, John had more resources for example but not limited to, I had to contact the Plant Manager with issues when needed in accordance with protocol because no one was available, but John did not have to. On or about October 4, 2023 I was discharged from employment.

The Respondent has not provided a legitimate reason for its actions.

I believe the Respondent has acted in violation of Title VII of the Civil Rights Act of 1964, as amended, (Title VII) based on my sex (Female) when it treated a Comparator, John, more favorably and subjected me to lower wages and denied me equal terms and conditions of employment. Further, the Respondent discharged me for non-legitimate reasons.  *Id*.

Plaintiff filed this lawsuit on January 13, 2025. ECF Doc. 1. She filed an Amended Complaint on March 3, 2025. ECF Doc. 13. Plaintiff did not attach all her administrative filings to her Complaint or Amended Complaint. She attached the EEOC right to sue letter but did not attach the charges filed with the EEOC or OCRC. See ECF Doc. 1-8 and ECF Doc. 13-1. Megalodon has moved to dismiss Counts II through VI of Plaintiff's Amended Complaint, which assert the following claims: Count II – Gender Discrimination; Count III – Title VII Retaliation; Count IV – Gender Discrimination; Count V – Hostile Work Environment; and Count VI – Retaliation under Ohio Rev. Code § 4112.02(J). *Id.*

In its Motion to Dismiss, Megalodon argues that Plaintiff did not exhaust Counts II through VI of her Complaint. ECF Doc. 29. Megalodon's exhaustion argument is two-fold. It argues that: 1) Plaintiff never named Megalodon in any of her administrative filings – she named only Shiloh as her former employer; and 2) Plaintiff failed to exhaust any claims other than "sex discrimination" in her administrative filings.

## II. Law & Analysis

### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plausibility standard "asks for more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft*

4

*v. Iqbal*, 556 U.S. 662, 678 (2009).  Complaints alleging "naked assertion[s]" devoid of "further factual enhancement" will not survive a motion to dismiss.  *Twombly*, 550 U.S. at 557.  In addition, simply reciting the elements of a cause of action or legal conclusions will not suffice.  *Iqbal*, 556 U.S. at 678.

### B. Analysis

Megalodon's partial motion to dismiss asserts that Plaintiff did not exhaust her administrative claims against it because she did not name Megalodon in any of her administrative filings.  It is true that Megalodon was not named in the administrative filings.  However, in her Amended Complaint, Plaintiff alleges that her former employer, Shiloh and/or Grouper are "currently known as Megalodon."  ECF Doc. 13 at ¶ 35.  She argues that she should be given time to conduct discovery on Megalodon's liability to employees for wrongful employment conduct.  She cites *Gambrell v. GM, LLC,* 2022 U.S. Dist. LEXIS 15509 (E.D. Mich., January 27, 2022) in support of this argument.

Although it appears unlikely that Megalodon is the entity responsible for the conduct described in Counts II through VI of Plaintiff's complaint, the standard under Fed. R. Civ. P. 12 is relatively low.  And the Sixth Circuit has held that Rule 12 dismissal based on an alleged misnomer in the EEOC complaint is not appropriate where it is anticipated that discovery may reveal a sufficient identity of interests between the named and unnamed entities by virtue of corporate parentage or other joint involvement in the employment situation.  *Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 547-48 (6th Cir. 2013).  Accordingly, the Court will allow Plaintiff limited discovery on this issue.  However, Plaintiff should quickly determine if Counts II through VI are properly asserted against Megalodon, and if they are not, they should be dismissed.

Megalodon's motion to dismiss also raises the same argument raised by Defendant Shiloh – that Plaintiff only stated a claim for "sex discrimination" in her EEOC charge and that her other claims should be dismissed for failing to exhaust administrative remedies. The general rule in the Sixth Circuit is that "the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002). It is the "facts alleged in the body of the EEOC charge, rather than merely the boxes that are marked on the charge, [that] are the major determinants of the scope of the charge." *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004) (internal citations omitted). "[W]here facts related with respect to the charge claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).

The Sixth Circuit has remarked that the exhaustion requirement of Title VII "is not meant to be overly rigid." *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006). Application of the exhaustion requirement should not result in the restriction of complaints based on "procedural technicalities" or where the charge does not contain "the exact wording which might be required in a judicial pleading." *Id.* (quoting *EEOC v. McCall Printing Co.*, 633 F.2d 1232, 1235 (6th Cir. 1980)). As a result, administrative charges should be "liberally construed" to encompass all claims reasonably expected to grow out of the charges of discrimination. *Id.*

After considering all of Plaintiff's administrative filings, and the fact that her charges are to be "liberally construed," the Court finds that Plaintiff has arguably exhausted Counts II through VI of her Amended Complaint. The Court further finds that Plaintiff has alleged enough facts to state plausible claims for gender discrimination, retaliation and hostile work

environment.  If, after discovery, Megalodon is still in the case and believes Plaintiff has not met her burden, it may move for summary judgment on these claims.

## III.    Conclusion

For the reasons stated herein, Defendant Megalodon's motion to dismiss Counts II through VI of Plaintiff's Amended Complaint is DENIED.  As with the WageWorks Defendants, if Plaintiff determines that Megalodon is not the appropriate defendant to her claims, Plaintiff should quickly dismiss Megalodon from those claims.  If the Court determines at a later stage that Megalodon should not have been named as a Defendant in Counts II through VI, the Court will likely require Plaintiff and her counsel to pay Megalodon's attorneys' fees as a sanction for the additional time and expense allocated to defending Counts II through VI.

Dated: April 29, 2025                                                                  *s/Dan Aaron Polster*
                                                                                                     United States District Judge